UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26-cv-20428-PCH

TIFFANY MARINA RODRIGUEZ,

    Plaintiff,

v.

OREN ALEXANDER; ALON ALEXANDER,
SHLOMO ALEXANDARE A/K/A SHLOMI
ALEXANDER; ORLY ALEXANDER;
HOWARD LORBER; MARRIOTT
INTERNATIONAL, INC.; AND/OR THE
OWNER(S) AND OPERATOR(S) OF THE
MIAMI BEACH EDITION; BASEMENT
MIAMI; KENT SECURITY SERVICES;
DOUGLAS ELLIMAN, INC.; AND DOUGLAS
ELIMAN REALTY, LLC,

    Defendants.
_____/

### MOTION TO DISMISS THE THIRD AND SEVENTH CAUSES OF ACTION OF THE AMENDED COMPLAINT ON BEHALF OF SHLOMO ALEXANDER, ORLY ALEXANDER AND KENT SECURITY SERVICES, INC.

    Defendants, Shlomo Alexander, Orly Alexander, and Kent Security Services, Inc., through their undersigned counsel, and pursuant to Rule 12(b), Fed. R. Civ. P., hereby file and serve this Motion to Dismiss The Third and Seventh Causes of Action of the Amended Complaint.

    Defendants Orly and Shlomi Alexander are the parents of Defendants Alon and Oren Alexander (the "Alexander Brothers"). Defendant Kent Security Services, Inc., is (incorrectly) alleged to have been an employer of Defendant Alon Alexander. The

1

Alexander Brothers are alleged to have engaged in "sex trafficking" under 18 U.S.C. §1591 (2026) and "human trafficking" under Florida law.  This Motion is filed on behalf of the parents, Orly and Shlomi Alexander (the "Alexander Parents"), and their company, Kent Security Services, Inc. ("Kent").

The Alexander Parents and Kent are generally alleged to have "beneficiary" liability related to a sex trafficking venture under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §1591, §1595 (the "TVPRA") and under "Florida law." Plaintiff parrots language from the applicable statutes of the existence of a sex trafficking venture throughout the Amended Complaint.

The monumental problem with the Amended Complaint is that there are no specific factual allegations to support a claim of "sex trafficking."  Plaintiff apparently pleaded her claims based in large part on salacious media reports (which are cited and reproduced throughout the Amended Complaint) of other litigation involving the Alexander Brothers.  Focusing on the facts alleged in this case, however, something critical is missing.  There is no semblance of a "commercial sex" transaction, where sex is traded for something of value – by anyone.

Plaintiff did not even bother to plead the statute under which she is traveling, in either of her two claims against the Alexander Parents and Kent.  The second claim against Defendants (in the "Seventh Cause of Action") may only be brought against an "adult theater" or an owner or operator of an adult theater.  There is certainly no mention of any adult theater in the Amended Complaint.  This defect and the multitude of others

like it in the Amended Complaint warrant dismissal of the Counts against the Alexander Parents and Kent in their entirety.

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id.; see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011).

## POINT I

### THE THIRD CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF.

**A. Plaintiff Has Failed To Allege Any Right To A Civil Remedy Under 18 U.S.C. §1591.**

The Third Cause of Action is for alleged "sex trafficking" under 18 U.S.C. §1591 (2026). Section 1591(a) is a criminal statute that prohibits "sex trafficking of children or by force, fraud or coercion." 18 U.S.C. §1591 (2026). Plaintiff seeks "monetary damages and/or economic harm, physical injury, pain and suffering, and serious psychological and emotional distress." [D.E. 23, ¶125]

Section 1591 provides for criminal penalties prosecuted by the United States Government and any civil remedy is provided under 18 U.S.C. §1595. Does v. Red Roof Inns, Inc., 21 F.4th 714, 723 (11th Cir. 2021). Private individuals cannot pursue an alleged violation of federal criminal law unless the criminal statute provides for a private right of action. Kyles v. Deaton, 2019 U.S. Dist. LEXIS 192926 *4 (S.D. Fla. 2019 (citing cases).

The only statute alleged by Plaintiff in her Third Cause of Action is 18 U.S.C. §1591. Plaintiff is not a government prosecutor and is without standing to pursue a claim under Section 1591. The Third Cause of Action should be dismissed.

**B. Plaintiff Has Failed To Allege A "Commercial Sex Act" Under 18 U.S.C. §1591.**

Plaintiff may have intended to, but did not, properly allege a civil remedy under 18 U.S.C. §1595 (2026) in the Third Cause of Action.  Assuming that Plaintiff intended to allege a civil remedy under Section 1595, she did not allege facts that would trigger any violation of Section 1591 and that would support a claim for damages under Section 1595.  Specifically, she has failed to allege any "commercial sex act."  18 U.S.C. 1591(a) (2026).

Section 1591 prohibits perpetrators (18 U.S.C. §1591(a)(1)) or beneficiaries (18 U.S.C. §1591(a)(2)) from knowingly or recklessly using force, fraud or coercion to "cause the person to engage in *a commercial sex act*…"  18 U.S.C. §1591(a) (2026) (emphasis added).  Causing a victim to engage in a commercial sex act is the lynchpin to liability under Sections 1591 and 1595.  U.S. v. Townsend, 521 Fed. Appx. 904 (11th Cir. 2013) (victim testified that Defendant raped and beat her for the purpose of forcing her to engage in more commercial sex acts and bring in more prostitution money); U.S. v. Todd, 627 F.3d 329, 333-334 (9th Cir. 2010); U.S. v. Kettles, 970 F.3d 637 (6th Cir. 2020);, U.S. v. Warren, 491 Fed Appx. 775 (8th Cir. 2012) (defendant violated section 1591 where he drove prostitute and her 15-year-old sister to hotel where she would be caused to engage in a commercial sex act).

A "commercial sex act" is defined as "any sex act, on account of which anything of value is given to or received by any person."  18 U.S.C. 1591(e)(3).  Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc., 2013 U.S. Dist. LEXIS 180463 at *16 (W.D. Ark. 2013) (violation of the TVPRA relies on "causal relationship between the sex

act and an exchange of an item of value"); Acevedo v. eXp Realty, LLC, 713 F.Supp.3d 740, 772 (C.D. Cal. 2024) ("on account of" language in TVPRA implies a "causal connection between the sex act and the commercial exchange," but not "require[ing] a bargained for exchange").

Plaintiff uses the term "sex trafficking" sixty-eight (68) times throughout the Amended Complaint. There is no allegation anywhere, however, of prostitution generally or specifically that anything of value was given or offered to Plaintiff in exchange for sex. Compare U.S. v. Townsend, 521 Fed. Appx. 904 (11th Cir. 2013) (victim testified that Defendant raped and beat her for the purpose of forcing her to engage in more commercial sex acts and bring in more prostitution money); Richardson v. NW Univ., 2023 U.S. Dist. LEXIS 168742*20 (N.D. Ill. 2023) (plaintiff's allegation that donations were given in exchange for sex acts sufficient to survive motion to dismiss).

The Amended Complaint in its 163 paragraphs of allegations is silent as to any factual allegation that Plaintiff or any other person or entity was ever offered anything of value for sex -- with Plaintiff or anyone else. There is not even a general allegation of anything remotely resembling prostitution or a venture engaged in prostitution.

To the contrary, Plaintiff alleges that she individually was drugged and raped [D.E. 23, ¶¶49, 54-55] and was then "dismissed." [D.E. 23, ¶55] There is no reasonable reading of those allegations that would lead to a conclusion that Plaintiff was "caused … to engage in a commercial sex act." 18 U.S.C. §1591(a) (2026); Red Roof Inns, Inc. 21 F.4th at 723 (Section 1591(e)(4) criminalizes 'commercial sex act[s]' of minors or

obtained through threat or force."). The absence of any specific factual allegation that would constitute of a "commercial sex act" is fatal to any claim under Section 1595.

Plaintiff plainly alleged plenty of other specific facts. She alleges that she consumed fewer than "two drinks" at Basement Miami [D.E. 23 at ¶49], that she rode in an "SUV in the backseat along with her friend, a promoter and the Alexander Brothers [D.E. 23 ¶50], that she woke up "outside of a sandwich shop at the Flamingo complex" and was "handed a sandwich" [D.E. 23 ¶51], and woke up in a condo in Sunny Isles Beach [D.E. 23 ¶52]. Plaintiff recalls and alleges the exact position of her body when she was being "raped" after "fully regaining consciousness," who was present, what they did, where she went afterwards, and who she spoke to. [D.E. 23 ¶¶53-59] There is no lack of specificity in those allegations.[1]

What is missing is any allegation that she was paid for sex, or forced to have sex with another person for compensation. The TVPRA is not a rape or sexual battery statute and does not provide a broad remedy for such conduct. Commercial sexual acts and rape are two different things. See Fla. Stat. §796.07(1)(e) (2026) ("prostitution" is "sexual activity for hire"); Fla. Stat. §794.011(1)(j) (2026) ("sexual battery" without consent). See Doe v. G6 Hosp., LLC, 2025 U.S. Dist. LEXIS 256211 (E.D. Tx. 2025) ("Jurors might think prostitution, like sex trafficking, is a "criminal offense;" but, at bottom, the term does not conclusively mean that the sex acts paid for were forced."). Indeed, the TVPRA does not even criminalize simple prostitution or commercial sex

---

[1] She alleges more broadly that the Alexander Brothers "would forcibly rape, attack, assault, batter, and engage in other unlawful conduct against women…" [D.E. 23, ¶6] As to Plaintiff individually, she alleges a "savage drugging and rape of Plaintiff" [D.E. 23, ¶14], that she was "sexually assaulted" at a condominium including the date that the event allegedly occurred. [D.E. 23, ¶15]

among consenting adults.  Ramsbottom v. Ashton, 2024 U.S. Dist. LEXIS 220345 *40 (M.D. Tn. 2024).  It provides a specific remedy for victims against persons who coerced them into commercial sex acts.

Plaintiff alleges that she was "raped" by Defendants Oren and Alon Alexander at a condo in Sunny Isles Beach.  [D.E. 23 ¶¶53-55] There is not a single published decision in which allegations similar to those in the Amended Complaint were used as the basis for an alleged violation of the TVPRA.  Plaintiff has not alleged any factual allegations in the Amended Complaint that the Alexander Parents or Kent participated in any effort to promote commercial sex – with Plaintiff or anyone else -- or that Plaintiff engaged in a commercial sex act, or that she was given anything of value in exchange for sex.  Section 1595 creates a civil cause of action for participating in a venture exploiting persons in "commercial sex" acts.  Plaintiff has failed to state a claim for relief and the Third Cause of Action should be dismissed.

### C. Plaintiff Has Failed To Adequately Allege Beneficiary Liability Under The TVPRA.

The claim against the Alexander Parents and Kent is for "beneficiary" liability under the TVPRA.  The TVPRA provides sex trafficking victims a civil action for damages against the perpetrator or "whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in a violation of the [TVPRA].  18 U.S.C. §1595(a) (2026).  See Red Roof Inns, Inc., 21 F.4th 723; K.H. v.

Riti, Inc., 2024 U.S. App. LEXIS 3127 *2 (11th Cir. 2024); Weiner v. Wyndham Hotels & Resorts, Inc., 2026 U.S.Dist. LEXIS 8682 *4-5 (M.D. Fla. 2026).

"To bring a civil TVPRA claim against an alleged beneficiary, a plaintiff must plausibly allege that the defendant: (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.'" Red Roof Inns, Inc., 21 F.4th at 726; Taylor v. CPLG FL Props. LLC, No. 2:24-CV-429-JES-NPM, 2024 U.S. Dist. LEXIS 209638, 2024 WL 4825814, at *2 (M.D. Fla. Nov. 19, 2024); Weiner v. Wyndham Hotels & Resorts, Inc., 2026 U.S. Dist. LEXIS 8682 *5.

The third and fourth elements require plaintiff to plead sufficient facts to plausibly allege that Defendants knew that the venture in which the defendants participated "must have violated the TVPRA as to the plaintiff." Red Roof Inns, Inc., 21 F.4th at 725.  In order to have violated the TVPRA, the Plaintiff must have been knowingly harbored or solicited for commercial sex, and Defendants must have known that threats, fraud or coercion will be used to cause Plaintiff to engage in a commercial sex act.  Id.

There are insufficient factual allegations in the Third Cause of Action to satisfy that pleading requirement.  Plaintiff alleges that Defendants "knew that the Alexander Brothers were sexually abusing, assaulting, battering, drugging, raping and/or trafficking women." [D.E. 23 ¶79]  Plaintiff alleges that the Alexander Parents were aware of a rape by their sons when they were in high school.  Id.   There is not a single allegation

anywhere in the Amended Complaint that the Alexander Brothers ever gave anything of value in exchange for sex or even arguably participated in prostitution or forced or encouraged anyone else to do so.

The claims in the Third Cause of Action for beneficiary liability must be premised on a "commercial sex act," defined as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. 1591(e)(3). There are no factual allegations to support such a claim in the Amended Complaint and the Third Cause of Action should be dismissed.

### D. The Alexander Parents and Kent Are Not Alleged To Have "Knowingly Benefitted" Under The TVPRA.

The TVPRA provides a civil remedy against a person who "knowingly benefits, or attempts or conspires to benefit," from a sex trafficking venture under 18 U.S.C. §1591 (2026). 18 U.S.C. §1595(a) (2026). A plaintiff must allege that the defendant "knew it was receiving some value from participating in the alleged venture." Red Roof Inns, Inc., 21 F.4th at 724. Specifically:

> 'Knowingly benefits' means 'an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact.' Knowledge, Black's Law Dictionary (11th ed. 2019). And Section 1595(a) explains that a defendant may benefit 'financially or by receiving anything of value.' Accordingly, a plaintiff … must allege that the defendant knew it was receiving some value from participating in the alleged venture.

Id. at 723-24. The Alexander Parents and their company, Kent, are generally alleged to have benefitted from their association with their children – based on the Alexander

Brothers' social status and connection to wealthy individuals. [D.E. 23 ¶87]  There is nothing in the Amended Complaint indicating that the Alexander Parents or Kent benefitted from any venture in commercial sex transactions.

Many of the published decisions for beneficiary liability under the TVPRA are based on payments and revenue for rented hotel rooms used in sex trafficking.  See, e.g., A.B. v. Hilton Worldwide Holdings, Inc., 484 F.Supp.3d 921, 936 (D. Or. 2020) (citing cases).  Plaintiff offers such allegations against other Defendants in this lawsuit.  [D.E. 23, ¶68 (the Alexander Brothers "would regularly spend significant sums of money at Basement Miami")]  None of the allegations in the Amended Complaint allege any similar benefit flowing to the Alexander Parents or Kent.

Plaintiff alleges that Kent employed Alon Alexander, who "maintained a close relationship and association with his brothers, Oren and Tal." [D.E. 23 ¶87]  Oren and Tal "were in the ultra-luxury real estate market, socializing with wealthy, influential and high-profile individuals." Id.  That relationship with Oren and Tal (Defendant Orly and Shlomi Alexander's children) "enhanced Kent Security Services' visibility, prestige, and access to elite client networks" and "increased credibility, contacts, and revenue opportunities from those connections." Id.

Those allegations have nothing to do with sex trafficking or commercial sex.  At most, they describe a benefit flowing from an association with the Alexander Brothers.  The fact that Defendants may have indirectly benefitted from an association with the Alexander Brothers is certainly not the same thing as saying that Defendants knowingly benefitted from a sex trafficking venture.

11

The only commercial relationship in the Amended Complaint is an alleged employment relationship between Alon Alexander and Kent Security Services, Inc. But that employment relationship is not alleged to have been in any way related to sex trafficking. "[T]he benefit an employer receives must be related in some form to the alleged sex trafficking." Treminio v. Crowley Mar. Corp., 707 F.Supp.3d 1234, 1251 (M.D. Fla. 2023); Shipley v. Williams, 2025 U.S. Dist. LEXIS 269854 (S.D. Ind. 2025) (benefits received by defendant in TVPRA claim must be related to the alleged trafficking venture); Bridges v. Poe, 2022 U.S. Dist. LEXIS 90283 *19 (N.D. Ala. 2022) (benefit received by an employer must be related to the misconduct of the employee to establish a venture under the TVPRA).

There is no factual allegation that Defendants received any form of benefit from any commercial sex trafficking venture. At most, Plaintiff alleges a benefit that would have been enjoyed by anyone associated with the Alexander Brothers. Plaintiff has not alleged that Defendants knowingly benefited from a sex trafficking venture and the claim under Section 1595 of the TVPRA should, therefore, be dismissed.

### E. There is No Factual Allegation That Defendants Participated In A Sex Trafficking Venture.

The TVPRA provides for a civil action against a beneficiary receiving "anything of value" from "participation in a venture" that the person knew or should have known violated the TVPRA. 18 U.S.C. §1595(a) (2026). The Eleventh Circuit held that "participation in a venture" in the civil context requires that plaintiff allege that the

Defendant "took part in a common undertaking or enterprise involving risk and potential profit." Red Roof Inns, 21 F.4th at 725.

Plaintiff alleges only generally that Kent and the Alexander Parents received some intangible benefit as a result of its relationship with their well-connected children, the Alexander Brothers. [D.E. 23 ¶87] The acceptance of "financial and reputational benefits" is, according to Plaintiff, "participation in, and benefit from, the sex trafficking venture." [D.E. 23 ¶88]

"[A]s the Eleventh Circuit has acknowledged, the alleged venture can be a 'commercial venture' like running or expanding a business. G.G. v. Salesforce.com, Inc., 76 F.4th 544, 2023 WL 4944015, at *6 (7th Cir. 2023) (citing Red Roof Inns, Inc., 21 F.4th at 727 (emphasis added)). Participation in a venture means in a civil context that plaintiff allege that the defendant took part in a common undertaking or enterprise involving risk and potential profit. A.D. v. Choice Hotels int'l, Inc., 2023 U.S. Dist. LEXIS 68586 *8 (M.D. Fla. 2023).

There is no factual allegation that Defendants had any common business venture. The most that can be said of the factual allegations is that Defendants "accepted the benefits of [Alon Alexander's] connections while disregarding and/or consciously ignoring their knowledge that those same resources were being used to facilitate a sex trafficking scheme." [D.E. 23 ¶88] Other than an employment relationship with their son, Alon Alexander, there is no factual allegation of any common enterprise with the Alexander Parents or Kent.

As noted, the mere fact of an employment relationship is not evidence of a common enterprise. "[T]he benefit an employer receives must be related in some form to the alleged sex trafficking." Treminio v. Crowley Mar. Corp., 707 F.Supp.3d 1234, 1251 (M.D. Fla. 2023). More specifically, a business relationship cannot, standing alone, support liability under the TVRPA. See Mueller v. Deutsche Bank Aktieregesellschaft, 777 F.Supp.3d 329, 338 (S.D.N.Y. 2025) (financial services to terrorist-connected individuals and organizations was not participation in a shared enterprise or "anything other than a n ordinary buyer-seller transaction that they also have with many other parties.").

Plaintiff's Amended Complaint assumes that an indirect benefit by mere association with the Alexander Brothers will trigger liability under the TVPRA. That would mean, of course, that any person associated with the Alexander Brothers would share the same benefit and resulting liability under the TVPRA. Plaintiff simply has not alleged any specific facts showing a sex trafficking venture, or that Kent or the Alexander Parents knowingly participated in such a venture. The Third Cause of Action should be dismissed.

## POINT II

**THE SEVENTH CAUSE OF ACTION SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UNDER FLORIDA LAW.**

The Seventh Cause of Action is for "Human Tracking [sic] under Florida Law." [D.E. 23 ¶¶ 148-155]  Plaintiff alleges that the recited facts "constitute a violation of Fla.

Stat. §787.06." [D.E. 23 ¶149] Section 787.06 of the Florida Statutes provides only criminal penalties for "human trafficking" in a variety of circumstances described in the statute. Fla. Stat. §787.06 (2026). Plaintiff does not and cannot rely on Section 787.06, given that the present lawsuit is a civil claim for damages, not a criminal prosecution by any government law enforcement agency. Plaintiff does not cite any statute that would provide civil damages.

She appears to be traveling under Fla. Stat. 787.061, which provides for "Civil actions by victims of human trafficking." Fla. Stat. §787.061 (2026).[2] Section 787.061 provides for a civil cause of action only against "an adult theater" or an "owner, an operator, or manager of such theater, that knowingly allows a victim of human trafficking to work, perform, or dance at the adult theater." Fla. Stat. 787.061(3)(a) (2026). The facts alleged to support the Seventh Cause of Action have no relationship to any "adult theater" or any owner, operator or manager of such a theater. Weiner v. Wyndham Hotels & Resorts, Inc.,2026 U.S.Dist. LEXIS 8682 *12-13 (M.D. Fla. 2026) (Fla. Stat. §787.061 "does not support a civil cause of action for 'human trafficking'' other than against an adult theater or an owner, operator or manager of such theater).

The Alexander Parents and Kent are not alleged to be an adult theater or a proprietor of an adult theater. The Seventh Cause of Action for "Human Tracking [sic] under Florida Law" should be dismissed.

---

[2] Plaintiff does not expressly premise her claim for damages on that statute, but vaguely alleges an entitlement to a "suspension of the statute of limitations" for "actions brought pursuant to Fla. Stat. §787.061." [D.E. 23 ¶154]

## **CONCLUSION**

For each of the foregoing reasons, the Alexander Parents and Kent request that the Third and Seventh Causes of Action be dismissed in their entirety.

BLUEROCK LEGAL, P.A.
1801 NE 123d Street, Suite 314
North Miami, FL 33181
Miami, FL 33161
Phone:  (305) 981-4300
E-mail: fhenry@bluerocklegal.com

By:     /s/ Frank H Henry
         Frank H. Henry
         Florida Bar No. 956554

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system sending a notice of electronic filing to counsel on the attached service list on March 3, 2026.

                                             /s/ Frank H. Henry
                                             Frank H. Henry

**SERVICE LIST**

Arick Fudali (FBN 85899)
Madison Rosenthal (Pro Hac Vice)
Megan Helfend (Pro Hac Vice)
Yasmine Meyer (Pro Hac Vice)
The Bloom Firm
26565 Agoura Road, Suite 200
Calabasas, CA 91302
818-914-7397
arick@thebloomfirm.com