**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-20428-BECERRA**

TIFFANY MARINA RODRIGUEZ,

     Plaintiff,

v.

OREN ALEXANDER, *et al*.,

     Defendants.

_____

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DOUGLAS ELLIMAN,
INC. AND DOUGLAS ELLIMAN REALTY, LLC'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 2

   I.  DOUG Inc. Cannot Be Liable For Conduct Predating Its Existence.................................... 2

   II.  The Court Lacks Personal Jurisdiction Over DER .............................................................. 2

      A.    Plaintiff Has Not Pled Facts that Satisfy Florida's Long-Arm Statute ...................... 2

      B.    Plaintiff Has Not Pled Facts that Satisfy Due Process.............................................. 3

   III.  Plaintiff Fails to State a Sex Trafficking Claim Under the TVPRA .................................... 4

      A.    The Sex Trafficking Claim Improperly Relies on a Criminal Statute ........................ 4

      B.    Plaintiff Failed to Plead Any Element of a Federal Sex
           Trafficking Claim...................................................................................................... 5

   IV. The Amended Complaint is an Impermissible Shotgun Pleading ....................................... 10

CONCLUSION....................................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.G. v. Northbrook Indus., Inc.*,
  171 F.4th 1257 (11th Cir. 2026) ..................................................................... 6, 8, 9, 10

*A.D. v. Holistic Health Healing Inc.*,
  2023 WL 2242507 (M.D. Fla. Feb. 27, 2023) ................................................................ 5

*Bistline,v, Parker*,
  918 F.3d 849 (10th Cir. 2019) .................................................................................. 6, 8

*Castillo v. Allegro Resort Mktg.*,
  603 F. App'x 913 (11th Cir. 2015) .............................................................................. 4

*Cita Tr. Co. AG v. Fifth Third Bank*,
  879 F.3d 1151 (11th Cir. 2018) .................................................................................. 2

*David v. Weinstein*,
  431 F. Supp. 3d 290 (S.D.N.Y. 2019) ......................................................................... 9

*Day v. Datta*,
  818 F. Supp.3d 1394 (S.D. Fla. 2026) ......................................................................... 3

*Doe (S.J.C.) v. ESA P Portfolio LLC*,
  2024 WL 4808137 (N.D. Ga. Nov. 15, 2024) ............................................................... 8

*Doe v. Baker Cnty.*,
  2025 WL 834340 (M.D. Fla. Mar. 17, 2025) ................................................................ 5

*Doe v. Ibanera, LLC*,
  2026 U.S. Dist. LEXIS 113980 (S.D. Fla. May 21, 2026) ............................................. 10

*Doe v. Red Roof Inns, Inc.*,
  21 F.4th 714 (11th Cir. 2021) ........................................................................... 5, 6, 7, 8

*Eckhart v. Fox News Network, LLC*,
  2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) ............................................................... 10

*G.G. v. Salesforce.com, Inc.*,
  76 F.4th 544 (7th Cir. 2023) ..................................................................................... 6, 8

*G.M. v. Choice Hotels Int'l, Inc.*,
  725 F.Supp.3d 766 (S.D. Ohio 2024) ........................................................................... 6

*Ganz v. Grifols Therapeutics LLC*,
  688 F. Supp. 3d 1209 (S.D. Fla. 2023)...................................................................................4

*Geiss v. Weinstein Co. Holdings LLC*,
  383 F. Supp. 3d 156 (S.D.N.Y. 2019) ...................................................................................5

*GolTV, Inc. v. Fox Sports Latin Am. Ltd.*,
  277 F. Supp.3d 1301 (S.D. Fla. 2017)....................................................................................2

*Gubarev v. Buzzfeed, Inc.*,
  253 F. Supp. 3d 1149 (S.D. Fla. 2017)...................................................................................3

*Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*,
  43 F.4th 1303. (11th Cir. 2022)..............................................................................................4

*Hirsch v. Ventures, LLC*,
  805 Fed. App'x 987 (11th Cir. 2020) ...................................................................................10

*Johnson v. City of Shelby*,
  574 U.S. 10 (2014) ..................................................................................................................4

*K. H. v. Riti, Inc.*,
  2024 WL 505063 (11th Cir. Feb. 9, 2024) .............................................................................7

*K.O. v. G6 Hospitality, LLC*,
  728 F. Supp. 3d 624 (E.D. Mich. 2024) .................................................................................6

*Keston v. FirstCollect, Inc.*,
  523 F. Supp. 2d 1348 (S.D. Fla. 2007)...................................................................................4

*Marquez v. Amazon.com, Inc.*,
  69 F.4th 1262 (11th Cir. 2023).............................................................................................3, 7

*Melgarejo v. Pycsa Panama, S.A.*,
  537 Fed. App'x 852 (11th Cir. 2013) ......................................................................................3

*Noble v. Weinstein*,
  335 F. Supp. 3d 504 (S.D.N.Y. 2018) ....................................................................................8

*Prunty v. Arnold & Itkin LLP*,
  753 Fed. App'x 731 (11th Cir. 2018) ......................................................................................3

*Ricchio v. McLean*,
  853 F.3d 553 (1st Cir. 2017) ...............................................................................................6, 8

*Serra-Cruz v. Carnival Corp.*,
  400 F. Supp. 3d 1354 (S.D. Fla. 2019) ............................................................................ 2

*Taylor v. Moskow*,
  717 Fed. App'x 836 (11th Cir. 2017) ............................................................................... 3

*Treminio v. Crowley Maritime Corp.*,
  707 F. Supp. 3d 1234 (M.D. Fla. Dec. 13, 2023) ............................................................ 9

*Villalobos v. Telemundo Network Grp. LLC*,
  2025 WL 2687948 (S.D.N.Y. Sept. 19, 2025) ................................................................. 9

*Waite v. AII Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2018) ....................................................................................... 4

*Walden v. Fiore*,
  571 U.S. 277 (2014) ......................................................................................................... 4

**Statutes**

18 U.S.C. § 1591 ............................................................................................................ 4, 8

18 U.S.C. § 1595 ................................................................................................................ 5

Fla. Stat. § 48.193(1)(a)(1) ............................................................................................ 2, 3

## PRELIMINARY STATEMENT

Plaintiff's Opposition (Dkt. 90 ("Opp.")) fails at every turn to address her complaint's deficiencies.[1] ***First***, Plaintiff's admission that she asserts a claim against an entity (DOUG Inc.) that did not exist at the time of her alleged assault is fatal to her claim, and Plaintiff's vague assertion that she *might* be able to fashion an unspecified cause of action on unpled facts cannot save her deficient pleading. ***Second***, the Court lacks personal jurisdiction over Douglas Elliman Realty ("DER") notwithstanding Plaintiff's futile effort to invoke the "conducting business" prong of the Florida long-arm statute, because the Amended Complaint neither alleges that DER had an office nor did any business in Florida, and because Due Process forbids Plaintiff's attempt to establish jurisdiction based on her alleged injury alone. ***Third***, Plaintiff improperly seeks relief from Douglas Elliman under the criminal provisions of the TVPRA, which do not provide a private right of action. Plaintiff's lone citation to the correct provision elsewhere in the Amended Complaint does not save her claim. ***Fourth***, Plaintiff's sex-trafficking claim fails on every element. Plaintiff does not allege a commercial sex act because she concedes that she did not receive anything of value in connection with her assault. Nor does Plaintiff allege facts sufficient to establish the knowing benefit element: alleging only that Douglas Elliman received the benefit of an ordinary business relationship with then-agent, Oren Alexander. Indeed, notwithstanding Plaintiff's efforts to frame Douglas Elliman's actions as supposedly knowingly funding a sex-trafficking venture, Plaintiff pleads no facts that could establish the requirement that Douglas Elliman received a benefit from the alleged sex-trafficking or her alleged assault.  Moreover, Plaintiff relies entirely on mischaracterizations of unproven claims alleged in another litigation to argue that she has set forth the necessary elements of knowledge and participation—which she has

---

[1] Capitalized terms have the meaning assigned to them in Douglas Elliman's motion to dismiss (Dkt. 64 (the "Motion" or "Mot.")).

not. *Fifth*, her textbook shotgun pleading must be dismissed regardless of her argument that Douglas Elliman understood her claim. Count IV therefore should be dismissed with prejudice.

## ARGUMENT

### I. DOUG Inc. Cannot Be Liable For Conduct Predating Its Existence

Plaintiff "does not dispute" that DOUG Inc. did not exist until five years after her alleged assault (Opp. 10), and thus concedes that she has no current viable claim against DOUG Inc. (*See* Mot. 12-13.) Plaintiff nevertheless contends that she *might* have a claim against DOUG Inc. for "continuing conduct" that took place after "Plaintiff's September 2016 assault." Plaintiff, however, fails to cite a single case providing a legal basis for such a concocted claim and fails to identify any allegations setting forth any such ongoing conduct. (Opp. 10-11.) Plaintiff's wish and prayer does not substitute for meeting her pleading obligations. DOUG Inc. must be dismissed.[2]

### II. The Court Lacks Personal Jurisdiction Over DER

#### A. Plaintiff Has Not Pled Facts that Satisfy Florida's Long-Arm Statute

The Court cannot exercise jurisdiction over DER under Florida's long-arm statute because it is a New York based entity with no alleged Florida contacts. (Mot. 14-15.) Plaintiff, without citing any specific subdivision of the Florida long-arm statute or any caselaw (Opp. 8-9), appears to invoke Florida Statute § 48.193(1)(a)(1), which permits jurisdiction over an entity "conduct[ing] . . . a business" in Florida where plaintiff's injury "aris[es] from" that business. Because Plaintiff does not cite the long-arm statute in the Amended Complaint and argues exclusively under § 48.193(1)(a)(1) in her Opposition, the Court should not consider any other bases for jurisdiction.[3]

---

[2] Plaintiff's Opposition repeatedly requests leave to amend her Complaint to address deficiencies identified by Douglas Elliman. (Opp. 10-11, 14.)  Such requests for leave "imbedded within an opposition memorandum" are improper and should be ignored. *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018). That is particularly the case here where Plaintiff has not even suggested how she even could remedy her pleading's dispositive shortcomings. *See id.*

[3] Courts routinely decline to consider theories of long-arm jurisdiction that a plaintiff neither alleges in the complaint nor identifies in its responsive brief. *See, e.g.*, *Serra-Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1354, 1357 n.1 (S.D. Fla. 2019); *GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp.3d 1301, 1311 n.7 (S.D. Fla. 2017).

In evaluating jurisdiction under § 48.193(1)(a)(1), courts assess the following factors: "(1) the presence and operation of an office in Florida; (2) the possession and maintenance of a license to do business in Florida; (3) the number of Florida clients served; and (4) the percentage of overall revenue gleaned from Florida clients." *Prunty v. Arnold & Itkin LLP*, 753 Fed. App'x 731, 735 (11th Cir. 2018). The Amended Complaint, however, "contain[s] no allegations that [DER] had an office in Florida, a license to do business in Florida, Florida clients, or revenue from Florida clients." *Taylor v. Moskow*, 717 Fed. App'x 836, 839 (11th Cir. 2017). Though Plaintiff claims she alleged that DER obtained "revenue" from unspecified "Florida real estate transactions" by Oren (Opp. 9), the Amended Complaint merely alleges that Oren was a "star broker" who operated in "New York City and Miami" while supposedly "employed by" DER.[4] (Am. Compl. ¶¶ 2-5, 91.) Plaintiff does not allege that Oren's alleged business activity in Miami was connected to DER (it was not). Moreover, because Plaintiff fails to allege that DER had the requisite business presence in Florida, she necessarily fails to allege facts "linking those business operations with [her] cause of action in this case." *See Melgarejo v. Pycsa Panama, S.A.*, 537 Fed. App'x 852, 860 (11th Cir. 2013). Plaintiff therefore fails to establish long-arm jurisdiction.

## B.     Plaintiff Has Not Pled Facts that Satisfy Due Process

Plaintiff also cannot show that personal jurisdiction over DER comports with Due Process. (Mot. 15-17.) Plaintiff does not assert that Florida has general jurisdiction over DER and thus waives that argument.[5] Instead, Plaintiff contends that the Court may exercise "[s]pecific jurisdiction" over DER because it allegedly "employed" Oren, "who conducted business within

---

[4] Although accepted as true for purposes of a motion to dismiss, *see Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023), Plaintiff's allegation that Oren was an employee of Douglas Elliman is blatantly wrong: Oren once was an independent contractor who obtained commissions on sales he made—he was not an employee and never received a salary.

[5] *See, e.g.*, *Day v. Datta*, 818 F. Supp.3d 1394, 1406 n.3 (S.D. Fla. 2026); *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1155 n.2 (S.D. Fla. 2017).

3

Florida," and supposedly that DER "provided the resources" for Oren's purported "trafficking venture [that] operated in Florida." (Opp. 9.) Because Plaintiff has not alleged any specific business activity by DER in Florida, DER's purported employment of Oren cannot establish specific jurisdiction. *See Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 916 (11th Cir. 2015).

As to the argument about DER's resources, Plaintiff does not allege that DER purposefully directed those resources to "the forum State itself[,]" as she must. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014); *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1354 (S.D. Fla. 2007) (defendant must "direct [conduct] to Florida in connection with Plaintiff"). The sole non-conclusory allegation connecting Oren's alleged trafficking to Florida is Plaintiff's own alleged assault; yet Plaintiff alleges her assault occurred at a nightclub with absolutely no affiliation with a real estate event, let alone a Douglas Elliman event. (*See* Opp. 9 (citing Am. Compl. ¶¶ 46-63, 91-100).) Plaintiff's "attempts to establish personal jurisdiction based solely on [her] injury in the forum" and not on "any contacts made by [DER]" are insufficient, mandating DER's dismissal. *Waite v. AII Acquisition Corp.*, 901 F.3d 1307, 1315-16 (11th Cir. 2018).[6]

## III.    Plaintiff Fails to State a Sex Trafficking Claim Under the TVPRA

### A.    The Sex Trafficking Claim Improperly Relies on a Criminal Statute

Plaintiff asserts her sole claim against Douglas Elliman under 18 U.S.C. § 1591—a criminal statute with no private right of action. In response to the authority cited by Douglas Elliman supporting dismissal in such circumstances (*see* Mot. 13), Plaintiff only (i) identifies the general federal pleading standard articulated in *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014),

---

[6] Plaintiff's "cursory request" for jurisdictional discovery in her Opposition is "procedurally improper." *Ganz v. Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1220 (S.D. Fla. 2023). Plaintiff must instead make her request by independent motion. *See Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1312 n.4. (11th Cir. 2022). Plaintiff has neither made such an independent motion nor otherwise requested jurisdictional discovery. Such "undu[e] delay[] in propounding discovery or seeking leave to initiate discovery" independently requires denial of her request. *See id.*

which did not address a plaintiff improperly seeking relief under a criminal statute that does not provide a private right of action, and (ii) claims that she sufficiently alleged a viable civil claim against Douglas Elliman by referencing 18 U.S.C. § 1595 once in her jurisdictional allegations against all Defendants. Plaintiff cites no authority supporting her argument that this vague reference untethered to the actual claim is sufficient. (Opp. 13 & n.1.) Count IV improperly relies on a criminal statute and should be dismissed.

### B.    Plaintiff Failed to Plead Any Element of a Federal Sex Trafficking Claim

#### 1.   *Plaintiff Did Not Plead a Knowing Benefit*

Plaintiff argues that Douglas Elliman's "retaining [Oren] as an ultra-luxury real estate agent" and thereby supposedly benefitting from "the connections he made and revenue he generated" in real estate is an actionable benefit under the TVPRA. (Am. Compl. ¶¶ 94, 97.) It is not. Under the seminal Eleventh Circuit case—that Plaintiff herself cites—Plaintiff "must allege that the defendant knew it was receiving some value from participating in the alleged [sex trafficking] venture." *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021). Her generic allegations that Douglas Elliman received the same type of profit from Oren that it received from all of its other real estate agents does not establish that Douglas Elliman benefitted from Oren's alleged *sex-trafficking* venture, *see A.D. v. Holistic Health Healing Inc.*, 2023 WL 2242507, at *3 (M.D. Fla. Feb. 27, 2023), and therefore is insufficient to state a TVPRA claim.

Indeed, in evaluating whether the ordinary benefits attendant to an alleged employer/employee relationship qualify as benefits from sex trafficking, courts require plaintiffs to allege that defendants received those benefits "because they assisted in TVPRA violations[.]" *Doe v. Baker Cnty.*, 2025 WL 834340, at *13 (M.D. Fla. Mar. 17, 2025); *see Geiss v. Weinstein*

5

*Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019) (similar).[7] Even accepting as true Plaintiff's unfounded and conclusory allegations that Oren "used his position at Douglas Elliman to lure women" (Am. Compl. ¶¶ 41-42), Plaintiff offers no explanation whatsoever of how Douglas Elliman benefitted from that alleged misconduct. Plaintiff merely alleges that Douglas Elliman "simultaneously benefited" from Oren's success and prestige in real estate (Opp. 23)—not that such success and prestige derived from Oren's sex-trafficking enterprise.

### 2. *Plaintiff Did Not Plead Participation*

By urging the Court to find that Douglas Elliman participated in Oren's sex-trafficking venture by "continuing to provide resources" to Oren (*i.e.*, continuing to work with him in real estate) "despite [alleged] repeated notice" of Oren's sexual misconduct (Opp. 18), Plaintiff advocates the same overexpansive definition of participation condemned by the Eleventh Circuit. In *A.G. v. Northbrook Industries, Inc.*, the Eleventh Circuit re-affirmed its rulings in *Red Roof Inns* that "observing [sex trafficking] is not the same as participating in it" and that participation "require[es] a showing of shared profits and risks[.]" 171 F.4th 1257, 1268-69 (11th Cir. 2026). The Eleventh Circuit expressly rejected the definition of participation adopted by "the First, Seventh, and Tenth Circuits"—precisely the circuits upon which Plaintiff relies in advancing her theory of participation[8]—and cautioned that those circuits' failure to require "a showing of shared profits and risks" had led district courts to the "erroneous[] conclu[sion] that the provision of standard commercial services to traffickers, when paired with knowledge of their activities, adds up to 'participation in a venture.'" *Id.* at 1269.

---

[7] Plaintiff does not cite a single case interpreting "benefit" under the TVPRA in the employment context, which she alleges to be the context here. *See K.O. v. G6 Hospitality, LLC*, 728 F. Supp. 3d 624, 645 (E.D. Mich. 2024); *G.M. v. Choice Hotels Int'l, Inc.*, 725 F.Supp.3d 766, 777 (S.D. Ohio 2024).

[8] (*See* Opp. 16 (citing *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017); *Bistline v, Parker*, 918 F.3d 849, 873-877 (10th Cir. 2019); *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023).)

Plaintiff seeks to reach the same erroneous conclusion, and her effort to recast her allegations against Douglas Elliman as continuously "furnishing resources" to Oren rather than "merely fail[ing] to terminate" him is a meaningless distinction. (Opp. 16, 17.) Douglas Elliman allegedly provided Oren with a "salary" and other "corporate resources" in the course of mutually seeking success in the "real estate" industry within their brokerage/agent relationship. (Am. Compl. ¶¶ 2, 94, 97-98.) Recharacterizing this relationship in more active terms does not change the fact that Douglas Elliman merely "continued to engage in a . . . business relationship with and collect [revenue] from" Oren, which is insufficient to allege participation. *K. H. v. Riti, Inc.*, 2024 WL 505063, at *3 (11th Cir. Feb. 9, 2024); *see Red Roof Inns*, 21 F.4th at 726-27.

Similarly, in seeking to distinguish her claims from *Red Roof Inns,* Plaintiff argues that her claim against Douglas Elliman is different because it received reports of Oren's misconduct. Plaintiff, however, completely ignores the fact that the documents cited in the Amended Complaint refute her allegations of any *reported sexual* misconduct. (Mot. 24.) Specifically, in making this argument, Plaintiff relies on the *Koste* Complaint and refers to three incidents alleged in that complaint. Contrary to Plaintiff's suggestion, however, two of the cited incidents did not reference a report at all and the third incident did not allege a sexual assault. (*Id.*) The *Koste* Complaint controls over the Amended Complaint's mischaracterizations. *Marquez*, 69 F.4th at 1269.

Recognizing the weakness of the *Koste* allegations, Plaintiff's Opposition stresses the "five separate allegations" from unidentified "real estate professionals" at unspecified times that they "either reported assaults by the Alexander Brothers to company leadership or learned of such reports from company leadership." (Opp. 7, 15, 18.) This allegation, however, is impermissibly vague and significantly more attenuated than the facts the Court found insufficient in *Red Roof Inns*. As discussed in the Motion (Mot. 20-21), the plaintiffs in *Red Roof Inns* specifically alleged

7

that the defendants "read online reviews" that "reported widespread prostitution," and yet the Eleventh Circuit still found those allegations "insufficient to state a claim." 21 F.4th at 720, 727.[9]

Ultimately, "the Court [need not] conclude that continued provision of resources after repeated notice can never" amount to participation (Opp. 17); it need only find that Plaintiff's faulty allegations of reports regarding Oren's misconduct coupled with Douglas Elliman's purported affiliation with Oren does not render Douglas Elliman a participant in anything other than the real estate industry.[10]

> 3. *Plaintiff Did Not Plead a Commercial Sex Act*

To state a claim under the TVPRA, Plaintiff must allege that "*she* was coerced to engage in *commercial* sex acts." *Doe (S.J.C.) v. ESA P Portfolio LLC*, 2024 WL 4808137, at *3 (N.D. Ga. Nov. 15, 2024) (emphasis added). Plaintiff does not plead that her alleged assault involved a "sex act, *on account of which* anything of value [wa]s given to or received by any person." 18 U.S.C. § 1591(e)(3) (emphasis added), and thus she fails to plead the existence of a commercial sex act.

Plaintiff does not dispute that she received nothing of value on account of her alleged 2016 assault; instead, she insists that she has stated a claim because Douglas Elliman and Oren mutually exchanged money and prestige as a result of their association in the real estate industry. (Opp. 19-

---

[9] The cases upon which Plaintiff relies each involved significantly more evidence of knowing participation than was alleged here or in *Red Roof Inns*. *See Ricchio*, 853 F.3d at 555 (finding participation where defendants not only observed the sex trafficker's "coercive and abusive treatment" of the victim and "obvious physical deterioration," but "ignored [her] plea for help in escaping from [the trafficker's] custody"); *Northbrook*, 171 F.4th at 1271 (observing that defendant "allow[ing] . . . two seventeen-year-old girls dressed provocatively who were loitering in common areas and purchasing condoms in the lobby" into rooms could qualify as participation); *Bistline*, 918 F.3d at 874-75 (defendants created a trust entity "designed *expressly* for the purposes of facilitating" forced labor); *Salesforce*, 76 F.4th at 555 (defendant provided extensive and tailored services to a company "publicly identified . . . as the biggest and most notorious sex trafficking and pimping website in the United States"). Plaintiff here alleges nothing of the sort.

[10] Plaintiff's hypothetical case—wherein Douglas Elliman and Oren agreed that Douglas Elliman would fund his sex trafficking as a condition of his employment—is irrelevant. (Opp. 15.) Plaintiff admits she has not pleaded facts anywhere close to that level of knowledge; however, asserting that knowledge is a fact issue, insists her case must proceed to discovery. Not so—a pleading that fails to allege knowledge appropriately should be dismissed. *Noble v. Weinstein*, 335 F. Supp. 3d 504, 523-24 (S.D.N.Y. 2018).

20.) Crucially, Plaintiff identifies no "causal relationship" between her own alleged assault and the value exchanged within that ordinary brokerage/agent relationship. *See Treminio v. Crowley Maritime Corp.,* 707 F. Supp. 3d 1234, 1245 (M.D. Fla. Dec. 13, 2023). By ignoring the causation requirement, Plaintiff hyperextends the TVPRA beyond anything that resembles a commercial sex act to any employer whose employee commits a rape.

Neither *David v. Weinstein*, 431 F. Supp. 3d 290 (S.D.N.Y. 2019), nor Plaintiff's hypothetical case of a woman sold into sex slavery compels a different result. (Opp. 20.) Both involved the causal relationship lacking here: that someone "received a thing of value" in exchange for the sex acts that took place. *Id.* at 302-03. In *David*, the alleged assault occurred in Weinstein's hotel room during a business meeting in which the plaintiff was seeking an acting role in one of Weinstein's films. *Id.* at 295. Here, Plaintiff alleges she was sexually assaulted at a nightclub and not any business-related activity or event. Her lone citation to the Weinstein case is entirely distinguishable and does not support the existence of a commercial sex act.

4. *Plaintiff Did Not Plead that Douglas Elliman Knew of any Sex Trafficking*

Plaintiff's claim also fails because she does not allege that Douglas Elliman knew or should have known of *any* sex trafficking, much less that Oren sex trafficked her. Plaintiff admits that her allegations of Douglas Elliman's knowledge hinge on supposed "internal reports concerning Oren's sexual misconduct and propensity for sexual violence" (Opp. 15, 21), but as explained in the Motion (Mot. 23-25), such "allegation[s] of [Douglas Elliman's purported] general awareness of sexual misconduct by [Oren] is insufficient to establish the more specific awareness of sex trafficking that is required for a TVP[R]A violation." *Villalobos v. Telemundo Network Grp. LLC,* 2025 WL 2687948, at *4 (S.D.N.Y. Sept. 19, 2025).

*Northbrook* and ample caselaw cited by Douglas Elliman—which Plaintiff makes no effort to distinguish—confirm that "beneficiaries must know that a person was *trafficked,*" not merely

9

subject to sexual misconduct. 171 F.4th at 1270 (emphasis added); Mot. 25 (collecting cases). Even if the purported "reports made directly to Douglas Elliman leadership" were taken as true, they would merely establish knowledge of possible "sexual assault[s]" and that an agent "was [once] found unconscious after receiving a drink from Oren[.]" (Opp. 21-22.) "[N]one of these allegations involve [Oren] using force or fraud to obtain a commercial sex act from any of these women[,]" and they therefore cannot sustain Plaintiff's beneficiary claim against Douglas Elliman. *Eckhart v. Fox News Network, LLC*, 2021 WL 4124616, at *11 (S.D.N.Y. Sept. 9, 2021). More than an allegation of a sex act is required to establish sex trafficking under the TVPRA. *See Doe v. Ibanera, LLC,* 2026 U.S. Dist. LEXIS 113980, at *51-54 (S.D. Fla. May 21, 2026) (dismissing beneficiary claims on all elements for failure to plead existence of commercial sex act).

Plaintiff does not argue that a beneficiary need not have specific knowledge of sex trafficking, nor does she explain how her alleged unsubstantiated and mischaracterized "reports" could support an inference that Douglas Elliman had knowledge of any sex trafficking. Plaintiff merely argues that, under *Northbrook*, Douglas Elliman need not have had any knowledge of her own  assault. Even if that were true (it is not),[11] Plaintiff's failure to address Douglas Elliman's argument that it had no knowledge of sex trafficking is fatal to her claim.

## IV.    The Amended Complaint is an Impermissible Shotgun Pleading

Contrary to Plaintiff's assertion, "a district court *must* intervene and order repleading of a shotgun complaint, even if the defendant does not move for a more definite statement." *Hirsch v. Ventures, LLC*, 805 Fed. App'x 987, 991 (11th Cir. 2020) (cleaned up) (emphasis in original).

### CONCLUSION

For the foregoing reasons, the Court should dismiss Count IV with prejudice.

---

[11] In *Northbrook*, the Court found the knowledge requirement met where the defendant had ample notice that the minor plaintiff was being trafficked, including through direct interactions with her, and thus found it immaterial that the defendant did not "know[] the identity of the victim." 171 F.4th at 1270, 1273. By contrast, Douglas Elliman had no reason to know that Oren sex trafficked *anyone* at a nightclub in 2016.

Dated:  July 20, 2026

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.

By:   *s/ Robert J. Anello*
            Robert J. Anello

Robert J. Anello\*
Catherine M. Foti\*
Maximilian J. Auerbach\*
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
Fax: (212) 856-9494
ranello@maglaw.com
cfoti@maglaw.com
mauerbach@maglaw.com

\**Admitted Pro Hac Vice*

**HOLLAND & KNIGHT**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

By: /s/ *Cary Aronovitz*
**Cary Aronovitz**
Florida Bar No.  86425
Cary.Aronovitz@hklaw.com


*Attorneys for Defendants Douglas Elliman Inc. and Douglas Elliman Realty, LLC*

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of July, 2026, a true and correct copy of the foregoing has been filed using the Court's E-Filing Portal System, which will provide notification via email of such filing to all counsel of record.

By: /s/ *Cary O. Aronovitz*
**Cary Aronovitz**
Florida Bar No.  86425

*Attorney for Defendants Douglas Elliman Inc. and Douglas Elliman Realty, LLC*